**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:07CV005 |
| Plaintiff, | : | Case No. 3:90CR098 |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| CHERI WELCH, | : | |
| | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

In November 1990, Timothy Welch was asked by Walter Carey, Office of Special Investigations (O.S.I.), to bring his wife Cheri L. Welch ("Welch") in for an interview at Wright-Patterson Air Force Base Hospital. She was not informed as to the reason but knew her and her husband were under investigation involving the deaths of their two daughters, Holly and Krystina. Upon arriving at the Base Hospital, Welch met with O.S.I. Dennis L. Parker.

Welch was informed before Parker began questions that she was free to leave at any time and she did not have to answer any questions. During the interview, Welch confessed to killing her two daughters. After she was told it was best to tell her side of the story, Welch was read her *Miranda* rights and proceeded with a written confession.

Welch's suppression motion was denied (Doc. # 47) and on November 18, 1992, Welch

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

entered a plea agreement with the United States of America and later pled guilty to second degree murder of Krystina Elizabeth Welch. The Court sentenced Welch to life in prison. (Doc. #75). Her conviction and sentence were affirmed on appeal. *United States v. Welch*, 36 F. 3d 1098, 1994 WestLaw 514522(6th Cir. 1994). In so doing, the Sixth Circuit stated:

> On December 28, 1984, four-month old Holly Welch died at home in Aeia, Hawaii. The cause of death was reported to be Sudden Infant Death Syndrome. On August 12, 1986, seven-month-old Krystina Elizabeth Welch died at the Children's Medical Center in Dayton, Ohio. The suspected cause of death was reflex Apnea. On February 24, 1989, Nicholas Welch, then two weeks old, was rushed to the Children's Medical Center in Dayton. Blue in color and bleeding profusely from the nose, Nicholas was resuscitated by the medical staff.
>
> ... Ultimately, Welch confessed to suffocating her two daughters, Holly and Krystina, and to attempting to suffocate her son, Nicholas. *Id.* at 1-2.

Welch was eligible for parole on this sentence and, on April 26, 2000, a Commission hearing examiner conducted a parole hearing. (Doc. # 4, Exhibit B, summary of the hearing). At the hearing, Welch admitted to killing her 7-month old daughter by suffocating her. When questioned concerning information in the presentence report that she had made statements to investigators which indicated that she may also have caused the death of her 4-month old daughter and attempted to kill her son, Welch stated that the cause of death of her other daughter had been determined to be sudden infant death syndrome (SIDS) and she denied any abuse of her son.[2] Welch admitted to the hearing examiner that she had told investigators that she had murdered her first child and had attempted to murder her son, but she stated that she made this admission under mental duress after repeated questioning by the investigator.

The hearing examiner found that the fact that the victim was a 7-month old baby was an

---

[2] The summary of the hearing erroneously states that Welch's daughter was 4 years old.

aggravating factor. (*Id.* at 4). The examiner also found that Welch's admission to the investigator concerning her other children was more credible than the statements made at this hearing. Based upon these aggravating factors, the hearing examiner recommended that Welch be continued for a 15-year reconsideration hearing in April 2015. (*Id.* at 5).

On May 16, 2000, the Commission issued its decision to continue Welch for a fifteen-year reconsideration hearing in April 2015. (Doc. # 4, Exhibit C, Notice of Action). The Commission advised Welch of the following:

> After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted based on the following pertinent aggravating factors: You murdered an innocent and defenseless 7 month old child by suffocating her to death. In addition, you admitted to authorities that you had committed similar assaultive acts towards two other children.

Welch was also advised that she could appeal the decision to the National Appeals Board pursuant to 28 C.F.R. § 2.26, but she did not appeal the Commission's decision.

Welch was entitled to an interim hearing pursuant to 18 U.S.C. § 4208(h) and, on May 1, 2002, a Commission hearing examiner conducted her interim hearing. (Doc. #4, Exhibit D). On May 15, 2002, the Commission declined to alter its decision to conduct a reconsideration hearing in April 2015. (Doc. #4, Exhibit E). Welch appealed the Commission's decision on the grounds that there were mitigating circumstances that justified a different decision. (Doc. #4, Exhibit F). Among other things, Welch cited her participation in institutional programming and outstanding work reports. The NAB affirmed the Commission's decision. (Doc. # 4, Exhibit G).

Welch received two additional interim hearings, on April 28, 2004 and on June 5, 2006. (Doc. #4, Exhibit H and I). The Commission again declined to alter its decision to conduct a reconsideration hearing in April 2015. (Doc. #4, Exhibit J and K). Welch did not appeal these

3

decisions.

This case is before the Court on Welch's Motion to Compel the Respondents to Show Cause Why the Court Should Not Order the Petitioner's Release From Prison, or in the Alternative Order the United States Parole Commission to Show Cause Why the Petitioner has not been Released on Parole pursuant to 28 U.S.C. §§ 1651, 2241 and 18 U.S.C. § 2241, (Doc. #1); the Government's Response to Petitioner's Motion To Compel the Respondents to Show Cause, (Doc. #4); Welch's Motion for Summary Judgment and Order for Release from Prison (Doc. # 126); Welch's Motion to Return Judgment in Favor of Petitioner Ordering Her Immediate Release from Prison (Doc. # 127); and the record as a whole.

Welch contends that the United States Parole Commission is holding her accountable for a crime that no court has ever found her guilty of committing, and that "the reasoning of the Parole Commission that she has to get the clarification of a crime that she has never been officially charged of, is in violation of the 'Due Process' clauses to the United States Constitution . . . ."  (Doc. 1 at 3-4).  She also contends that she has fully served her sentences and is entitled to release on parole.  (Doc. 1 at 4).

**II.    ANALYSIS**

**A.    Welch is challenging the fact or duration of her confinement and therefore her claim must be brought in a petition for writ of habeas corpus in the district in which she is confined.**

Welch seeks to have the Court require her immediate release from prison or require Respondents to "show why the Welch is having to serve over the 20 years dictated by the Old Law."  She is not challenging the sentence imposed by the District Court, but rather the decision of Parole Commission.

4

The United States Supreme Court has held that a prisoner challenging the fact or duration of his confinement must bring his claim as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), a case in which the plaintiff challenged the duration of his custody where restoration of good conduct time would result in earlier release from custody, the Supreme Court found that "the essence of habeas corpus is an attack by a person in custody on the legality of that custody."  Where the relief requested results in release or earlier release, the sole federal remedy is a writ of habeas corpus.  411 U.S. at 500; *Wilkinson v. Dotson*, 544 U.S. 74, 76-77 (2005) (prisoner who challenges the fact or duration of his confinement, must seek relief through habeas corpus); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (*en banc*) (Congress has designated habeas corpus as the appropriate vehicle for individuals who challenge the lawfulness of their custody).

Welch seeks the Court's review of the Commission's final decision to deny her parole.  Specifically, she objects to the Commission's consideration of her confession to law enforcement that she had killed a second child. Welch also claims that she has served more time than is required by her sentence.  Welch is seeking an earlier release and therefore, her claim lies in habeas corpus.

  B.  **This Court lacks personal jurisdiction over Welch's custodian.**

In a habeas corpus petition, brought pursuant to 28 U.S.C. § 2241, the court will issue the writ of habeas corpus to "the person having custody of the prisoner."  See 28 U.S.C. § 2243.  A court will have jurisdiction over a petition for writ of habeas corpus if it has personal jurisdiction over the Welch's immediate custodian, *i.e.,* the warden of the institution in which the prisoner is confined.  See *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (holding that habeas petitioner should

5

name his warden as respondent and file petition in the district of confinement); *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003).

"A petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).  While 28 U.S.C. § 2255 permits writs of habeas corpus to be filed in the court of conviction, § 2255 is limited to attacks on the imposition of sentence.  28 U.S.C. § 2255. "Section 2255 is a complement to § 2241, and it was not intended to supplant § 2241.  *Martin*, 319 F.3d at 803.

Welch is confined in the Federal Medical Center, Carswell, in Forth Worth, Texas. Inasmuch as Welch was incarcerated within Texas at the time that her petition was filed, the United States District Court for the Southern District of Ohio does not have personal jurisdiction over her custodian.  Since the Court is without jurisdiction to issue a writ of habeas corpus in this case, the petition should be dismissed.

  **C.** **Welch has failed to exhaust administrative remedies.**

The record reveals that Welch has failed to exhaust her administrative remedies available to her.  Welch was advised on the notice of action dated May 16, 2000 that she could appeal the Commission's decision.  (Doc. #4, Exhibit D).  Pursuant to 18 U.S.C. § 4215, a prisoner may appeal the Commission's decision by submitting an appeal to the Commission's National Appeals Board no more than thirty days following the date of the Commission's decision.  The period in which Welch may appeal the Commission's initial decision has expired without Welch seeking an appeal.  Welch appealed the decision on the notice of action dated May 15, 2002, following an interim hearing on grounds of superior programming and work reports in the institution, but she did not raise the issues that she raises in this litigation, and if her current

motion is construed as an appeal of that decision, it is not timely.  Further, she has not appealed the Commission's two subsequent decisions following interim hearings.

The purpose of an administrative appeal is to review and correct, if necessary, the decision below.  *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) (holding that, in the case of a federal prisoner, the Bureau of Prisons must be given an opportunity to provide a remedy before the courts are asked to intervene).  If Welch had taken a timely appeal after receiving the Commission's initial decision, the Commission's National Appeals Board would have had the opportunity to review and consider Welch's current claims.

It is well established that a person seeking judicial review of agency action (including parole decisions) must first have exhausted available appeals within the agency.  *McKart v. United States*, 395 U.S. 185, 194-95 (1969); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).  Welch's failure to appeal the Commission's decision may be excused if she can establish cause for and prejudice from her default.  *See Murray v. Carrier*, 477 U.S. 478 (1986).  Welch offers no excuse for her default. Since Welch was clearly informed of her appeal rights in the notice of action informing her of the Parole Commission's decision which is now challenged, her decision not to appeal makes this an appropriate case for dismissal.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Welch's Motion to Compel the Respondents to Show Cause Why the Court Should Not Order the Petitioner's Release From Prison, or in the Alternative Order the United States Parole Commission to Show Cause Why the Petitioner has not been Released on Parole pursuant to 28 U.S.C. §§ 1651, 2241 and 18 U.S.C. § 2241, (Doc. #1) be DENIED;

2. Welch's Motion for Summary Judgment and Order for Release from Prison (Doc. # 126), be DENIED;

      3.        Welch's Motion to Return Judgment in Favor of Petitioner Ordering Her Immediate Release from Prison (Doc. # 127), be DENIED; and,

      4.        Welch's Petition pursuant to 18 U.S.C. § 2241 be DISMISSED without prejudice to renewal in the district court that has jurisdiction over her place of confinement.

July 9, 2007

                                                                            s/ Sharon L. Ovington  
                                                                             Sharon L. Ovington  
                                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).