IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHERI WELCH,
:
    Plaintiff-Petitioner,
:
    vs.                         Case No. 3:07cv005
:   Related Case No. 3:90cr098

UNITED STATES OF AMERICA,       JUDGE WALTER HERBERT RICE
:
    Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #128) IN PART AND NOT RULING UPON SAME IN PART; PLAINTIFF-PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #129) OVERRULED IN PART AND NOT RULED UPON IN PART; CAPTIONED CAUSE ORDERED DISMISSED FOR LACK OF PERSONAL JURISDICTION, WITHOUT PREJUDICE TO RENEWAL IN A DISTRICT COURT WITH PERSONAL JURISDICTION OVER THE CUSTODIAN OF HER PLACE OF CONFINEMENT; JUDGMENT TO ENTER ACCORDINGLY; TERMINATION ENTRY

---

       Based upon the reasoning and citations of authority set forth by the United States Magistrate Judge, in a portion of her Report and Recommendations, filed July 9, 2007 (Doc. #128, at 1-6), as well as upon a thorough *de novo* review of the law, this Court adopts the aforementioned Report and Recommendations in part and, in so doing, orders the dismissal of the Plaintiff's Petition, filed pursuant to 28 U.S.C. § 2241, without prejudice to refiling in a district court having

personal jurisdiction over the Custodian of her place of confinement.  The portion of the Magistrate Judge's Report and Recommendations dealing with the Plaintiff-Petitioner's alleged failure to exhaust administrative remedies, Doc. #128 at 6-7, is not ruled upon.  Accordingly, Plaintiff-Petitioner's Objections to said judicial filing (Doc. #129), are overruled as they go to this Court's personal jurisdiction, and not ruled upon as they go to the Magistrate Judge's discussion of her failure to exhaust administrative remedies.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.	Unlike Petitions filed under 28 U.S.C. §§ 2254 and 2255, which permit Petitions for Writs of Habeas Corpus to be filed in the district court having territorial jurisdiction over the court of conviction, the counterpart in § 2241 must be filed in the district court that has jurisdiction over the Petitioner's place of confinement.  Martin v. Perez, 319 F.3d 799, 802 (6th Cir. 2003).  Since this Court has no personal jurisdiction over the Plaintiff-Petitioner's immediate custodian, the Warden of the institution in which she is presently confined, this Court has no jurisdiction to entertain the Plaintiff-Petitioner's Petition.  Apparently, the Plaintiff-Petitioner does not disagree with this Court's reasoning, given that this Court has received notice of an August 21, 2007, filing in the United States District Court for the District of Texas [sic] at Fort Worth, Texas, of a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.

WHEREFORE, based upon the aforesaid, this Court, having adopted the Magistrate Judge's Report and Recommendations in part and not ruled upon same in part, and, further, having overruled the Plaintiff-Petitioner's Objections thereto in part, and not ruled upon same in part, dismisses the Plaintiff-Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, without prejudice to a refiling in the appropriate United States District Court with personal jurisdiction over her custodian.[1]  Judgment is to enter accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 24, 2007

/s/ Walter Herbert Rice
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Cheri Welch, Pro Se Petitioner
Vipal Patel, Esq.

---

[1] This Decision and Entry resolves not only Doc. #1, the Petition for Writ of Habeas Corpus, but also Docs. #126 and #127, Plaintiff-Petitioner's Motion for Summary Judgment and Order for Release from Prison and her Motion to Return Judgment in Favor of Petitioner ordering her immediate release from prison, respectively.