**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHERI WELCH, | : | |
| | | 3:07CV0005 |
| Petitioner, | : | 3:90CR0098 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Respondents. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

Petitioner Cheri Welch is an inmate at the Federal Medical Center in Fort Worth, Texas.  Welch's incarceration resulted from her November 1992 guilty plea in this Court to one count of murder in the second degree in violation of 18 U.S.C. §1111.  *See United States v. Cheri L. Welch*, 3:90CR0098 (Doc. #60).  She is serving a term of imprisonment lasting the balance of her natural life.  *Id*.  (Doc. #s75, 76).

Welch's case is before the Court upon her Motion (Doc. #131) seeking an Order correcting the Court's prior Judgment and Commitment entered on September 14, 1993 (Doc. #76).  Welch asserts that the Judgment must be corrected to remove the term "natural" from the Judgment so that it recites a term of imprisonment lasting her "life,"

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

rather than her "natural life."  (Doc. #131).

The Government contends that the time for filing a Motion to Correct Sentence under Fed. R. Crim. P. 35 has long since expired.  The Government also contends that the Judgment accurately reflects the Court's intent to sentence Welch to a term of imprisonment for the rest of her life.  And, alternatively, the Government contends that the Motion should be dismissed or transferred to the United States District Court for the Northern District of Texas, where Welch has brought the same fundamental issues in a Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241.

A review of the documents attached to the Government's Opposition (Doc. #131) to Welch's present Motion reveals that her §2241 habeas case now pending in the United States District Court for the Northern District of Texas involves the same fundamental challenges to her sentence and her ongoing confinement that she raises in the present case.  *See* Doc. #131 (Welch's Petition and other documents attached).  In addition, as the Court recently explained in this case, "Unlike Petitions filed under 28 U.S.C. §§2254 and 2255, which permit Petitions for Writs of Habeas Corpus to be filed in the district court having territorial jurisdiction over the conviction, the counterpart in §2241 must be filed in the district court that has jurisdiction over the Petitioner's place of confinement. Martin v. Perez, 319 F.3d 799, 802 (6th Cir. 2003).  Since this Court has no personal jurisdiction over the Plaintiff-Petitioner's immediate custodian, the Warden of the institution in which she is presently confined, this Court has no jurisdiction to entertain the Plaintiff-Petitioner's Petition.  Apparently, the Plaintiff-Petitioner does not disagree

with this Court's reasoning, given that this Court has received notice of an August 21, 2007, filing in the United States District Court for the District of Texas [sic] at Fort Worth, of a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241."  (Doc. #129 at 2).

Accordingly, Welch's present Motion should be denied without prejudice and transferred to the Clerk of Court for the United States District Court for the Northern District of Texas, Fort Worth, Texas for filing in the case captioned <u>Cheri Welch, Petitioner v. United States BOP's, *et al.*,</u> 4-07cv-536-Y.

### IT IS THEREFORE RECOMMENDED THAT:

Petitioner Cheri Welch's Motion (Doc. #131) be denied without prejudice and transferred to the Clerk of Court for the United States District Court, Northern District of Texas, Fort Worth, Texas for filing in the case captioned


July 24, 2008

            s/ Sharon L. Ovington
            Sharon L. Ovington
            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Am,* 474 U.S. 140 (1985).